[Cite as *In re E.G.*, 2024-Ohio-1153.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: E.G.

C.A. No.     30882

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 21 08 0604

DECISION AND JOURNAL ENTRY

Dated: March 27, 2024

FLAGG LANZINGER, Judge.

{¶1}     Appellant, D.G. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed his minor child in the legal custody of his maternal cousins ("Cousins"). This Court affirms.

I.

{¶2}     Father is the biological father of E.G., born July 11, 2020. The child's mother ("Mother") did not appeal from the trial court's judgment.

{¶3}     On August 3, 2021, Summit County Children Services Board ("CSB") filed a complaint to allege that E.G. was an abused and dependent child because of concerns about Mother's mental health, substance abuse by both parents, Father perpetrating domestic violence against Mother, and Father's extensive criminal record. The parents later waived their rights to a contested hearing and E.G. was adjudicated a dependent child. Following a dispositional hearing,

the juvenile court placed E.G. in the temporary custody of CSB. On December 21, 2021, CSB placed the child in the home of Cousins, where he remained throughout this case.

{¶4} On November 7, 2022, CSB filed a motion for E.G. to be placed in the legal custody of Cousins. The trial court initially scheduled a hearing on the motion for November 15, 2022. Prior to that time, Father's court-appointed counsel was permitted to withdraw because Father notified the court that he wanted to obtain new trial counsel. At the November 15 scheduled hearing, Father appeared without counsel and asked the trial court to appoint him new trial counsel. Consequently, the trial court continued the hearing until January 24, 2023, to allow Father time to obtain new counsel.

{¶5} On January 16, 2023, Father's new counsel requested a continuance of the rescheduled hearing because he would not be available on January 24 due to a family medical issue. The trial court then continued the hearing a second time until February 24, 2023.

{¶6} Upon motion of the guardian ad litem, who indicated that she would not be available on February 24, the trial court continued the final dispositional hearing until March 23, 2023. In the order granting the third continuance, the magistrate emphasized that "NO FURTHER CONTINUANCES WILL BE GRANTED."

{¶7} On March 15, 2023, however, Father filed his own motion for legal custody and requested that the trial court continue the hearing set for March 23. Father filed numerous subsequent motions including another motion to continue the March 23 hearing as well as a motion for the judge to recuse herself because Father had filed a civil rights discrimination complaint against the juvenile judge and others involved in this case. CSB opposed all of Father's motions, including his request for an additional continuance of the dispositional hearing.

{¶8}    When the parties appeared for a file review hearing on March 23, 2023, the juvenile judge implicitly granted Father's request for a continuance of the hearing by journalizing a judgment that she recused herself and her magistrates from this case and would ask the Ohio Supreme Court to assign a visiting judge to replace her.  On June 5, 2023, the recently appointed visiting judge set a new dispositional hearing date for July 28, 2023.

{¶9}    On July 28, 2023, the scheduled dispositional hearing was held.  At the commencement of the hearing, Father's trial counsel orally requested another continuance of the hearing because Father, and witnesses he had planned to bring with him, had failed to appear and Father's attorney did not know why.  The visiting trial judge denied that oral request and proceeded with the hearing.  After the hearing, the trial court placed E.G. in the legal custody of Cousins. Father appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT DENIED FATHER'S REQUEST FOR A CONTINUANCE.

{¶10}    Father's sole assignment of error is that the trial court committed reversible error by denying his oral request for another continuance.  Juv.R. 23 provides that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."  The juvenile court's local rules further provide that, absent an emergency or unforeseen circumstances, "[a]ll requests for continuances must be made in writing and filed seven days before the scheduled hearing date." Loc.R. 5.03(B) of the Court of Common Pleas of Summit County, Juvenile Division.  Father filed no timely, written motion for a continuance.  Instead, at the commencement of the hearing, Father's

trial counsel orally requested a fifth continuance of the hearing because Father and his witnesses had failed to appear.

{¶11}  The decision to grant or deny a continuance lies within the sound discretion of the trial court and requires a balancing of "any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."  *State v. Unger*, 67 Ohio St.2d 65, 67 (1981).  In considering whether to continue a hearing, the trial court should consider factors such as the length of the continuance sought; whether the hearing has already been continued; the reason for the continuance and whether the moving party contributed to that reason; and the inconvenience to other parties and/or counsel, witnesses, and the trial court.  *Id.* at 65, 67-68.

{¶12}  In his brief on appeal, Father faults the trial judge for failing to address the *Unger* factors on the record when he denied the request for a continuance.  Father fails to cite any authority, however, to support his implicit argument that the trial court was required to justify its refusal to grant another continuance with an explicit analysis of the *Unger* factors.  A review of the record demonstrates that the *Unger* factors supported the trial court's decision to deny the continuance.

{¶13}  When Father's trial counsel requested a continuance at the hearing, he failed to identify a specific length of time for the continuance because he had expected Father to be there, did not know why Father did not appear for the hearing, and gave no indication of when Father would be available to proceed.  The final dispositional hearing had already been continued four times, for a total of more than eight months.  All but one of those continuances had been at the request of Father.  The reason for this final request for a continuation of the hearing was Father's

unexplained absence from the hearing.  As counsel did not know why Father failed to appear, he was unable to offer any justification for Father to further delay the proceedings.

{¶14} The other parties and the witnesses would be inconvenienced by another continuance, as they appeared for the hearing and were prepared to present evidence concerning the final disposition of the child, which had already been continued for more than eight months. Consequently, the *Unger* factors weighed in favor of the trial court denying Father's last-minute request for another continuance of the hearing.

{¶15} Father has failed to demonstrate that the trial court abused its discretion by denying his latest request for a continuance of the hearing.  Father's assignment of error is overruled.

### III.

{¶16} Father's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JAYSEN W. MERCER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

MARK SWEENEY, Attorney at Law, for Mother.

HOLLY FARAH, Guardian ad Litem.