[Cite as *In re G.H.*, 2025-Ohio-5317.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: G.H.

C.A. No.     31406

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN-22-08-751

DECISION AND JOURNAL ENTRY

Dated: November 26, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1} Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her child in the legal custody of the maternal grandparents ("Grandparents"). This Court affirms.

I.

{¶2} Mother is the biological mother of G.H., born August 4, 2008. The child's father was not involved in the case below and has not appealed.

{¶3} In 2019, Summit County Children Services Board ("CSB" or "the agency") removed the child from Mother's home and filed a complaint based on various concerns regarding the home environment. The juvenile court eventually reunified G.H. with Mother. In 2022, when similar concerns arose, CSB again removed the child from Mother's home. Mother stipulated that G.H. was a dependent child and agreed to her placement in the agency's temporary custody. The

juvenile court adopted CSB's case plan as an order. In both the 2019 and 2022 cases, the agency placed G.H. with Grandparents.

{¶4} For the next 14 months, the child remained in CSB's temporary custody while Mother made progress on her case plan objectives. After the second sunset hearing, the juvenile court returned G.H. to Mother's legal custody under the agency's protective supervision. Immediately, however, prior issues resurfaced. The magistrate sua sponte put CSB on notice that the agency should be prepared to reassume temporary custody of the child if Mother's failure to resolve those issues again warranted G.H.'s removal in her best interest. A month and a half later, the magistrate held a shelter care hearing, found that G.H. was not safe in Mother's legal custody despite CSB's protective supervision, and returned the child to the agency's temporary custody. CSB again placed G.H. in Grandparents' home.

{¶5} Thereafter, CSB sought to terminate its temporary custody, and Mother moved for legal custody. The guardian ad litem opposed both motions at the scheduled hearing in July 2024. Because the court had only recently appointed counsel for the child and had not scheduled enough time for a contested hearing, the magistrate continued the matter and scheduled a final dispositional hearing for October 3, 2024. Mother was present in court when that hearing was scheduled.

{¶6} Later in July, CSB moved to continue the October 3 hearing because the assistant prosecutor was scheduled to prosecute a permanent custody motion in another case on the same day. On August 12, 2024, the magistrate issued an order continuing the sunset dispositional hearing from October 3 to November 15, 2024, copying Mother's attorney. The guardian ad litem timely moved for legal custody to Grandparents in advance of the November hearing.

{¶7} On November 15, Mother failed to appear for the hearing. Her attorney orally moved for a continuance, asserting that she had not been able to reach Mother and believed that

Mother's phone was broken. The magistrate denied the request to continue the hearing, noting that Mother had been present when the matter was scheduled and was "well aware."

{¶8} The assistant prosecutor informed the trial court that the agency now supported the motion for legal custody to Grandparents filed by the guardian ad litem. After an evidentiary hearing, the magistrate granted the guardian's motion and awarded legal custody to Grandparents. Mother filed an objection, and CSB responded in opposition. The juvenile court overruled Mother's objection and awarded legal custody of G.H. to Grandparents. Mother timely appealed, raising one assignment of error for review.

II.

### ASSIGNMENT OF ERROR

> THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN NOT GRANTING A CONTINUANCE WHEN REQUESTED BY MOTHER'S COUNSEL.

{¶9} Mother argues that the juvenile court erred by denying her attorney's motion to continue the dispositional hearing when Mother failed to appear. This Court disagrees.

{¶10} Juv.R. 23 requires a juvenile court to grant a continuance "only when imperative to secure fair treatment for the parties." Summit County Juvenile Court Loc.R. 5.03(A) provides that a continuance "will not be granted" absent the demonstration of "an emergency or other unanticipated circumstance necessitating the continuance[.]" Moreover, Loc.R. 5.03(B) requires any request for a continuance to be made in writing and filed at least seven days prior to the hearing. Otherwise, the juvenile court may consider and grant an untimely motion to continue "upon demonstration of emergency or for other unforeseen circumstances." Loc.R. 7.01(B) expressly grants the juvenile court authority to "proceed to hear and determine all issues" if a party fails to appear for the hearing.

{¶11} The juvenile court's decision to grant or deny a continuance remains within its sound discretion. *In re E.G.*, 2024-Ohio-1153, ¶ 11 (9th Dist.); *see also* Loc.R. 5.03(A). An abuse of discretion implicates an unreasonable, arbitrary, or unconscionable attitude by the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} In making its determination, the trial court must balance "'any potential prejudice to a [party against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *In re E.G.* at ¶ 11 (9th Dist.), quoting *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). The *Unger* court set forth the following factors to guide the trial court's determination: "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Id.* at 67-68. A reviewing court must focus on "the reasons presented to the trial judge at the time the request [for a continuance] is denied" when considering whether the trial court abused its discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶13} In consideration of the *Unger* factors and relevant rules, this Court concludes that the juvenile court did not abuse its discretion by denying Mother's attorney's oral motion to continue the hearing. Mother had notice of the hearing date. Her attorney did not assert that she had not been in touch with Mother during the prior three months after the court issued its order rescheduling the hearing from October 3 to November 15, 2024. Counsel did not explain why Mother failed to appear for the hearing or when she would be available to attend at a later date. All other parties, attorneys, and witnesses were present and prepared to proceed with the hearing.

The magistrate earlier continued the final dispositional hearing in July 2024, expressly to allow all parties time to present their cases in chief and defenses in a contested hearing. At the time of the November 2024 hearing, the case had been pending for 27 months, three months beyond the statutory time period anticipated for the resolution of such custody cases. *See* R.C. 2151.415(D)(4). Under these circumstances, the juvenile court did not unreasonably deny counsel's oral motion to further continue the sunset dispositional hearing after Mother failed to appear. Mother's assignment of error is overruled.

## III.

{¶14} Mother's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

LAURIE M. BOVEINGTON, Attorney at Law, for Appellee.

HOLLY FARAH, Guardian ad Litem.